# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **TEQUILA JOHNSON,** | * |
| Plaintiff, | * |
| v. | * No. 3:23-cv-00232 |
| **FAMILY DOLLAR STORES OF TENNESSEE, LLC and FAMILY DOLLAR SERVICES, LLC,** | * JURY DEMANDED |
| Defendants. | * |

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, statute of limitations, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted, Defendants Family Dollar Stores of Tennessee, LLC and Family Dollar Services, LLC, by and through counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the above-described action to the United States District Court for the Eastern District of Tennessee at Knoxville from the Circuit Court for Knox County, Tennessee, where the action is now pending, and state as follows:

1. This personal injury litigation has a lengthy procedural history created by Plaintiff's failure to diligently prosecute her claims against Defendants.

2. The alleged "trip and/or slip and fall" incident at issue in this lawsuit occurred nearly three years ago on September 15, 2020. [Compl. ¶¶ 5, 7].

3. On September 10, 2021, Plaintiff filed suit against "Corporation Service Company d/b/a Family Dollar" in Knox County Circuit Court. *Tequila Johnson v. Corporation Service*

1

*Company d/b/a Family Dollar*, No. 3:21-cv-00354-JRG-HBG (E.D. Tenn. removed Oct. 15, 2021) (hereinafter "Prior Action").

4. In the Prior Action, Plaintiff directed the summons to Corporation Service Company and not Defendants, who were not named in the Complaint. [Prior Action, D.E. 1-1]. The Prior Action was removed to this Court. [Prior Action, D.E. 1].

5. Upon removal, Defendant Corporate Service Company d/b/a Family Dollar moved to dismiss the Prior Action for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted due to fatal errors in pleading and service. [Prior Action, D.E. 5-6]. More specifically, Plaintiff filed suit against and served process on the wrong party, Corporation Service Company, and the applicable limitations period had expired for filing suit against a proper party. [Prior Action, D.E. 5-6]. Moreover, Plaintiff's Complaint did not satisfy the federal pleading standard set forth by *Twombly* and *Iqbal*. [Prior Action, D.E. 5-6]; Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

6. Plaintiff did not respond to the dispositive motion, and this Court issued an Order requiring her "to respond on or before **November 23, 2021**" and putting her "**ON NOTICE** that failure to comply with this Order may result in the dismissal of Plaintiff's action pursuant to Fed. R. Civ. P. 41." [Prior Action, D.E. 8]. This was the first of three Orders entered by this Court in the Prior Action putting Plaintiff on notice of the potential for involuntary dismissal under Rule 41. [Prior Action, D.E. 8, 14, 16].

7. Plaintiff filed a response to the dispositive motion on the last possible day per the Court's Order. [Prior Action, D.E. 8, 10]. This Court construed Plaintiff's response to the dispositive motion as a request to file an amended complaint naming Family Dollar as a defendant. [Prior Action, D.E. 13]. This Court dismissed Corporation Service Company from the lawsuit and

2

ordered Plaintiff to file the Amended Complaint submitted with the response within ten days. [Prior Action, D.E. 13]. This Court's dismissal of Corporation Service Company left no party defendant in the case. [Prior Action, D.E. 13].

8. Plaintiff did not file her Amended Complaint within ten days as ordered by this Court. [Prior Action, D.E. 13-14]. On January 5, 2022, this Court entered an Order addressing Plaintiff's failure to file her Amended Complaint. [Prior Action, D.E. 14]. In its Order, this Court stated, "Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal of actions for failure to prosecute or to comply with the rules of procedure or court orders." [Prior Action, D.E. 14]. This Court required Plaintiff to "**SHOW GOOD CAUSE** as to why she has failed to comply with the Court's order directing her to file her amended complaint" and put her "**ON NOTICE** that h[er] failure to respond to this Order will result in the dismissal of this action without further notice." [Prior Action, D.E. 14]. This was the second of three Orders entered by this Court putting Plaintiff on notice of the potential for involuntary dismissal under Rule 41. [Prior Action, D.E. 8, 14, 16]. Plaintiff never responded to this Court's Order to show good cause. [Prior Action, D.E. 16].

9. However, this Court's Order prompted Plaintiff to file an Amended Complaint. [Prior Action, D.E. 15]. The Amended Complaint filed by Plaintiff was substantially different from the Amended Complaint this Court directed Plaintiff to file. [Prior Action, *Compare* D.E. 10-1 *with* D.E. 15]. Differences included the named defendants, the allegations, and the claimed damages. [Prior Action, *Compare* D.E. 10-1 *with* D.E. 15]. Plaintiff attempted to thwart this Court's diversity jurisdiction by reducing her *ad damnum* from $375,000 in the proposed Amended Complaint to $74,000 in the filed Amended Complaint. [Prior Action, *Compare* D.E. 10-1 *with* D.E. 15].

10. After filing the Amended Complaint, Plaintiff made no effort to have summonses issued and serve process on the improperly named Defendants in the Amended Complaint. [Prior Action, D.E. 16]. In fact, Plaintiff took no further action in the case until after this Court entered the third of three Orders putting Plaintiff on notice of the potential for involuntary dismissal under Rule 41. [Prior Action, D.E. 8, 14, 16]. In its Order, this Court determined "[i]t has now been over ninety days since the filing of Plaintiff's Amended Complaint" and "the record lacks evidence showing that Plaintiff has served either Family Dollar Stores of Tennessee, Inc. or Family Dollar Services, LLC." [Prior Action, D.E. 16]. Citing Rule 4(m), this Court held "[i]f a plaintiff misses the ninety-day deadline, 'the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'" [Prior Action, D.E. 16]. This Court's Order required Plaintiff to "**SHOW GOOD CAUSE** as to why she has failed to serve the Defendants" and "to respond to the Court's prior show cause order regarding her failure to timely file her amended complaint." [Prior Action, D.E. 16]. Once again, the Court put Plaintiff "**ON NOTICE** that her failure to respond fully to this Order will result in the dismissal of claims against Defendants without further notice." [Prior Action, D.E. 16].

11. Plaintiff ignored this Court's Order yet again. [Prior Action, D.E. 14, 16]. Plaintiff did not respond to this Court whatsoever to show good cause for why she failed to timely file her Amended Complaint and why she failed to serve Defendants. [Prior Action, D.E. 14, 16]. Rather, Plaintiff had summonses issued by the Clerk and improperly attempted to serve Defendants after 90 days without first showing good cause. [Prior Action, D.E. 17-22]. Then, Plaintiff filed a Motion seeking remand to Knox County Circuit Court based on the reduced *ad damnum* in her improperly filed Amended Complaint. [Prior Action, D.E. 20].

4

12. Defendants filed a Motion to Dismiss and supporting Memorandum of Law based on the one-year personal injury statute of limitations, improper filing and service of the Amended Complaint, and involuntary dismissal based on her actions in the case. [Prior Action, D.E. 24-25].

13. Rather than respond to Defendants' Motion to Dismiss, Plaintiff filed a Notice of Voluntary Dismissal under Rule 41(a) on May 27, 2022. [Prior Action, D.E. 27].

14. On May 24, 2023, approaching three years after the alleged incident, Plaintiff filed a Complaint against Defendants in Knox County Circuit Court. [Compl.]. Plaintiff's Complaint asserts a personal injury action against Defendants for damages arising out of an alleged "trip and/or slip and fall" causing injury on or about September 15, 2020. [Compl. ¶¶ 5, 7]. Defendants were served with this lawsuit on June 1, 2023, and thus, this removal is timely.

15. The United States District Court for the Eastern District of Tennessee at Knoxville has jurisdiction by reason of diversity of citizenship of the parties. 28 U.S.C. § 1332(a). The diversity jurisdiction statute provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States." 28 U.S.C. § 1332(a)

16. This suit is between citizens of different states. At all times relevant to this lawsuit, Plaintiff was a resident and citizen of Tennessee. [Compl. ¶ 1].

17. Family Dollar Stores of Tennessee, LLC is a Virginia limited liability company. "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Family Dollar Stores of Tennessee, LLC's sole member is not a citizen of Tennessee, and therefore, Family Dollar Stores of Tennessee, LLC is not a citizen of Tennessee.

18. Family Dollar Services, LLC is a North Carolina limited liability company. Family Dollar Services, LLC's sole member is not a citizen of Tennessee, and therefore, Family Dollar Services, LLC is not a citizen of Tennessee.

19. The matter in dispute exceeds $75,000, exclusive of interest and costs, based on the Prior Action and applicable Sixth Circuit decisional authority. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000); *Calvary Indus. v. McLaren*, No. 1:21-cv-622, 2022 U.S. Dist. LEXIS 108119 (S.D. Ohio June 16, 2022).

20. In the Prior Action, "Plaintiff respectfully pray[ed] judgment against the Defendant for compensatory damages in the sum of $375,000.00 . . .." [Prior Action, D.E. 1-1]. However, amidst this Court's multiple Show Cause Orders and other self-created problems, Plaintiff improperly attempted to reduce her *ad damnum* to $74,000.00 and seek remand to Knox County Circuit Court. [Prior Action, D.E. 15, 20]. Before the Court could rule on her Motion to Remand, Plaintiff voluntarily dismissed her case. [D.E. 27]. Now, Plaintiff "prays judgment against the Defendant for compensatory damages in the sum of $70,000.00 . . .." (Compl.).

21. As held by the Sixth Circuit in *Rogers* and its progeny, "where a party has clearly stated that the amount in controversy based on a given set of allegations exceeds $75,000, it cannot voluntarily dismiss the action, re-file, and then claim that the jurisdictional amount is not met." *McLaren*, 2022 U.S. Dist. LEXIS 108119, at *16 (citing *Rogers*, 230 F.3d at 870-73).

22. Indeed, this is not the first time a plaintiff has attempted to oust a district court of jurisdiction by voluntarily dismissing a case and refiling with a reduced *ad damnum* clause. *Id.* In *Rogers*, the plaintiff "filed a complaint in Tennessee state court asserting her negligence claims and seeking approximately $ 950,000 in damages." *Rogers*, 230 F.3d at 870. Wal-Mart removed the case based on diversity jurisdiction. *Id.* After a voluntary dismissal without prejudice, the

6

Case 3:23-cv-00232-JRG-JEM   Document 1   Filed 06/30/23   Page 6 of 8   PageID #: 6

plaintiff "filed a new complaint in Tennessee state court . . . arising out of the same occurrence" seeking "to recover an amount 'not exceeding $75,000.'" *Id.* Wal-Mart removed the case again. *Id.* The plaintiff filed a motion to remand and submitted an "affidavit stating that she 'had no intention of seeking additional damages against Wal-Mart Stores, Inc.' and that she had 'instructed [her] attorney to stipulate that [her] demand for damages will not exceed $75,000 at any time in the future.'" *Id.* The district court denied the plaintiff's motion to remand. *Id.* at 871. On appeal, the Sixth Circuit affirmed, holding "[t]his circuit has recognized a rule that the determination of federal jurisdiction in a diversity case is made as of the time of removal," in part, based on concerns of improper forum shopping. *Id.* Other courts in the Sixth Circuit followed suit. *See, e.g.*, *McLaren*, 2022 U.S. Dist. LEXIS 108119, at *16 (denying motion to remand based on holding in *Rogers*).

23. Therefore, this Court retains jurisdiction from the Prior Action in which Plaintiff claimed $375,000.00 in damages. Plaintiff did not defeat this Court's jurisdiction by voluntarily dismissing her case and refiling for a reduced amount. The jurisdictional amount is satisfied in this case.

24. Defendants attached copies of all process and pleadings as <u>Exhibit 1</u>.

25. Defendants will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

26. A copy of this Notice will be filed with the Clerk of the Circuit Court for Knox County, Tennessee as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants requests this action proceed in this Court as an action properly removed to it.

Dated this 30th day of June, 2023.

7

Case 3:23-cv-00232-JRG-JEM    Document 1    Filed 06/30/23    Page 7 of 8    PageID #: 7

Respectfully submitted,

**CARR ALLISON**

BY:   /s/ Chancey R. Miller
     **SEAN W. MARTIN, BPR #020870**
     **CHANCEY R. MILLER, BPR #036124**
     Attorneys for Defendants
     736 Market Street, Suite 1320
     Chattanooga, TN 37402
     (423) 648-9832 / (423) 648-9869 FAX
     swmartin@carrallison.com
     cmiller@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, I electronically filed this **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Darrell Douglas, Esq.
    Nathan Evans, Esq.
    Wettermark & Keith, LLC
    1225 East Wisegarber Road, Suite 160
    ddouglas@wkfirm.com
    nevans@wkfirm.com

**CARR ALLISON**

BY:   /s/ Chancey R. Miller
     **SEAN W. MARTIN, BPR #020870**
     **CHANCEY R. MILLER, BPR #036124**
     Attorneys for Defendants
     736 Market Street, Suite 1320
     Chattanooga, TN 37402
     (423) 648-9832 / (423) 648-9869 FAX
     swmartin@carrallison.com
     cmiller@carrallison.com